UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


CLARENCE BELL, III                  )        CASE NO.  1:11 CV0504
                                    )
           Petitioner,              )        JUDGE JOHN R. ADAMS
                                    )
     v.                             )
                                    )        MEMORANDUM OF OPINION
                                    )        AND ORDER
UNITED STATES OF AMERICA,           )
                                    )
           Respondent.              )


        *Pro se* petitioner Clarence Bell was convicted and sentenced by the undersigned to 120

months in prison on August 22, 2006.  *See United States v. Bell*, No. 1:06cr0091 (N.D. Ohio)(Dkt.#

43.)  He subsequently filed a "Motion Concerning the Rights of Defendant Under the Constitutional

[sic] of this United States" in his criminal case on March 9, 2011.  *See United States v.  Bell*, No.

1:06cr0091 (N.D. Ohio).  Doc. 59.  This Court construed the pleading as a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. §2241, which is now before the Court.

        Bell is incarcerated at the Federal Prison Camp in Terre Haute, Indiana ("FPC Terre Haute").

He asserts that he received ineffective assistance of counsel causing his conviction to be

constitutionally inadequate.

                                    *Background*

        Bell was indicted in this Court on March 1, 2006. He was charged with One Count of

possession with intent to distribute over 50 grams of cocaine base (crack), armed bank robbery, and

use and possession of a firearm.  After pleading guilty to Count 1, Bell entered into a plea agreement

with the United States on June 22, 2006.  On August 22, 2006, this Court sentenced Bell to 120 months incarceration followed by 5 years supervised release.  Bell then appealed the denial of his Motion to Suppress.  The Sixth Circuit affirmed this Court's decision on March 13, 2009.  Bell's subsequent petition for a writ of certiorari to the Supreme Court was denied on July 8, 2009.

Bell now argues that his conviction is unlawful because his attorney made numerous errors. He claims he was not responsible for distributing the quantity of crack cocaine stated in the Pre-sentence Report (PSR).  Further, Bell attacks the propriety of relying on the PSR because "[t]he report itself is not evidence."  (Pet. at 5.)  Under the circumstances, he believes his case should be "remanded" because there are issues of fact in dispute.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct.  22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in Bell's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001).  Considering Bell's *pro se* status, the Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th  Cir.2003).  For the reasons set forth below, however, the Petition lacks merit and is dismissed.

*28 U.S.C. § 2241*

Bell is not entitled to seek habeas relief pursuant to § 2241.  As a threshold matter, a federal habeas corpus claim may only be filed in the United States District Court in the district in which the prisoner is incarcerated. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C.Cir.2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").  Bell is incarcerated at F.P.C. Terre

2

Haute, whose warden is well beyond the reach of this Court's personal jurisdiction.  *See* 28 U.S.C. § 2243 (district court shall direct writ of habeas corpus "to the person having custody of the person detained."); *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Even if this Court had personal jurisdiction over Bell's custodian, he is not entitled to challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

There is no record of a Motion to Vacate or Set Aside Sentence filed by Bell.  The fact that he is now time-barred or otherwise procedurally barred from seeking relief under § 2255, does not render his remedy "inadequate or ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  At this stage, only prisoners who did not have a prior opportunity to present their claims and who raise a viable innocence claim may challenge their convictions under § 2241.  *See, e.g., In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998).  There is no explanation as to why Bell did not avail himself of the opportunity to raise his claim in a timely § 2255 motion to vacate.  *See Barnes v. Booker*, No. 03-6625, 2004 WL 2320318, at *1 (6th Cir. Sept. 21, 2004) (federal prisoner's remedy under statute governing motions to vacate was not inadequate or ineffective when prisoner had opportunity to challenge to conviction via motion to vacate.)

3

It is not appropriate for this Court to recharacterize Mr. Bell's petition as a Motion to Vacate pursuant to 28 U.S.C. § 2255.  In *In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998)), the Sixth Circuit held that, with regard to *pro se* litigants in particular,

> "[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

*Shelton*, 295 F.3d at 622.  The Supreme Court reiterated this analysis in *Castro v. United States*, 540 U.S. 375, 382-83 (2003)(limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion).  Based on the foregoing, this Court is without personal jurisdiction to address the merits of Bell's § 2241 claims, and declines to construe the petition as a Motion to Vacate pursuant to 28 U.S.C. § 2255.

*Conclusion*

The petition for writ of habeas corpus is **dismissed** pursuant to 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

Date: August 19, 2011                 _/s/ John R. Adams_____
                                         JOHN R. ADAMS
                                         UNITED STATES DISTRICT JUDGE